## STATE v CARDIN et

Ohio Appeais, 2nd Dist, Franklin Co

No 2769.   Decided Sept 28, 1937

Ralph J. Bartlett, Prosecuting Attorney, Columbus, and Henry L. Holden, Asst. Prosecuting Attorney, Columbus, for plaintiff-appellee.

Schwartz & Guerevitz, Columbus, for defendants-appellants.

### OPINION

By BARNES, PJ.

The above entitled cause is now being determined on defendants' appeal on question of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The defendants, Richard Evans and John Cardin, on November 19, 1936, were jointly indicted for the crime of highway robbery alleged to have been committed on the 24th day of March, 1936. The crime is commonly referred to as a pay roll robbery, the money, in the sum of $3947.66, being taken from the messengers conveying the pay roll from the bank to the Morehouse-Martens Company, Columbus, Ohio.

The defendants were jointly tried and the jury returned a verdict of guilty. Within

proper time the defendants filed a motion for new trial. Thereafter the defendants filed a supplementary motion for new trial on the grounds of newly discovered evidence and supported the same by affidavit.

While the original motion for a new trial was pending, one Sol Ackerman was in the County Jail, awaiting sentence for highway robbery. The highway robbery with which Ackerman was charged and convicted had no connection with the robbery with which the defendants were charged.

When Ackerman was brought into court for sentence and asked the statutory question whether he had anything to say why sentence should not be imposed, he replied that the court might as well sentence him for the Morehouse-Martens robbery, since he committed that offense and not the defendants Cardin and Evans.

Following this episode counsel for the defendants in the present case filed their supplemental motion for new trial predicated upon the grounds of newly discovered evidence. At the time of the filing of this motion Ackerman had been taken to the Penitentiary. Counsel for the defendants procured from him in the form of questions and answers a detailed statement of the commission of the offense by Ackerman and other associates whose names he would not give. The affidavit also contained the information that the defendants, Cardin and Evans, had nothing to do with the highway robbery. The Prosecuting Attorney refused this evidence of Ackerman with counter affidavits procured from eye witnesses to the robbery at the Morehouse-Martens store. Some three or four of these witnesses made affidavit that they had visited the Penitentiary and there had seen Ackerman and that he was not one of the persons committing the robbery in the instant case.

The court overruled the motion for a new trial and sentenced the defendants to the Ohio Penitentiary as provided by the Ohio General Code.

The assignments of error in this court are predicated upon the refusal of the court to grant a new trial on a claim of newly discovered evidence as well as other enumerated grounds. However, counsel for the appellants in their briefs state that they are now basing their appeal solely upon the claimed error in the court's refusal to grant a new trial on the ground of newly discovered evidence.

Sec 13449-1, GC, provides the cause for granting a new trial in criminal cases. Subdivision 5 reads as follows:

"5. When new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial.

"When a motion for a new trial is made upon newly discovered evidence, the defendant must produce at the hearing of said motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court must postpone the hearing of the motion for such length of time as under all the circumstances of the case may seem reasonable.

"Prosecuting Attorney may produce affidavits or other evidence to impeach affidavit of the witnesses in this paragraph referred to."

Counsel for defendants with much plausibility urge that under the state of the record the trial court had no alternative except to grant a new trial by reason of this newly discovered evidence. Counsel for the state hold to the view that the trial court, within its sound discretion had the right to consider the credibility of the claimed newly discovered evidence. This was the theory upon which the trial court acted.

This direct question so far as we are able to find has not been passed upon by any of the courts in Ohio. We are referred to 16 C. J., p. 1183, §2710. We now quote from this section:

"Sec. 2710. Evidence not known to defendant at his trial which will tend to prove that the crime of which he had been convicted was committed by another person may be ground for a new trial.

"A new trial on this ground rests in the sound discretion of the trial court and depends largely upon the credibility of the witnesses.

"Where the newly discovered evidence is incredible and improbable under all the circumstances the motion will be denied."

We think this rule is very general in other jurisdictions and should be the adopted rule in Ohio.

Of course the question is always present as to whether or not under the state of the record the court abused his discretion.

A reviewing court will always consider the question of abuse of discretion with great care, particularly in a criminal case

where defendants are deprived of their liberty.

We know as a matter of common knowledge that it is not uncommon for hardened criminals to come forward after another has been convicted of a major crime and make purported confessions that the confessor and not the convicted individual committed the crime. Not infrequently we read of such confessions being made in kidnapping and first degree murder cases, in each of which the penalty is now death. We are unable to conclude after a careful examination of the record that the trial court abused his discretion in overruling the motion for a new trial.

Defendants' appeal will be dismissed and the cause remanded to the Common Pleas Court for further proceedings according to law.

HORNBECK and GEIGER, JJ, concur.